PER CURIAM:
Denied. The application was not timely filed in the district court, and relator fails to carry his burden to show that an exception applies. La.C.Cr.P. art. 930.8; State ex rel. Glover v. State, 93-2330 (La. 9/5/95), 660 So.2d 1189. In addition, relator’s sentencing claim is not cognizable on collateral review. La.C.Cr.P. art. 930.3; State ex rel. Melinie v. State, 93-1380 (La. 1/12/96), 665 So.2d 1172; see also La.C.Cr.P. art. 881.2(A)(2). We attach hereto and make a part hereof the District Court’s written reasons denying relator’s application.
Relator has now fully litigated at least two applications for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La. C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that *494 one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.
Exhibit 2
STATE OF LOUISIANA
VERSUS
NICHOLAS JOHNSON
NUMBER: 272,321; SECTION 3
FIRST JUDICIAL DISTRICT COURT
CADDO PARISH, LOUISIANA
RULING
On March 1, 2010, Petitioner, Nicholas Johnson, pled guilty to one count of Aggravated Criminal Damage to Property and one count of Possession of a Firearm by a Convicted Felon. Petitioner was sentenced to an agreed upon fifteen (15) years at hard labor as to each count, to be served consecutively and without benefit of probation, parole, or suspension of sentence. Credit was given for time served.
Currently before the Court is Petitioner’s Motion for Concurrent Sentences. For the reasons that follow below, Petitioner’s motion is DENIED.
Louisiana Code of Criminal Procedure article 881.1(A)(1) states that Petitioner has thirty (30) days to file a motion to reconsider sentence following the imposition of sentence. Petitioner failed to file his motion within the statutory time period. Furthermore, La.C.Cr.P. art 881 states that “[a]fter commencement of execution of sentence, in felony cases in which the defendant has been sentenced to imprisonment without hard labor,” the Judge may reduce or amend the imposed sentence. This Court is without authority under La. C.Cr.P, art. 881 to amend the sentence because Petitioner has already begun to serve a hard labor sentence.
Accordingly, this motion is DENIED. The Clerk of Court is directed to mail a copy of this Ruling to the Petitioner’s Attorney and the District Attorney.
Signed this 29th day of May, 2015, in Shreveport, Caddo Parish, Louisiana.
/s/
BRADY O’CALLAGHAN
DISTRICT JUDGE
DISTRIBUTION:
Nicholas Johnson # 520228
Winn Correctional Center
P.O. Box 1435
Winnfield, LA 71483-1260
Appeals Section
Assistant District Attorney
501 Texas Street
Shreveport, LA 71101